**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David Roland HINKSON, Defendant—
Appellant.**

No. 05–30305.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 30, 2008.

Elissa Hart, DOJ–U.S. Department of Justice, Tax Division/Appellate Section, Alan Hechtkopf, Washington, DC, for Plaintiff–Appellee.

Dennis P. Riordan, Curtis R. Smith, Donald M. Horgan, Riordan & Horgan, San Francisco, CA, for Defendant–Appellant.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

David Roland Hinkson appeals his convictions in federal district court on multiple counts of willfully failing to file personal income tax returns, willfully failing to collect taxes from his employees, and structuring currency transactions for the purpose of evading federal reporting requirements. Hinkson contends that there was insufficient evidence to support the currency structuring convictions because the transactions at issue were for payroll purposes and thus exempt from federal reporting requirements. Relatedly, he contends that the district court committed plain error by failing to instruct the jury on the payroll exemption and that trial counsel provided ineffective assistance by failing to request a payroll-related instruction. With respect to the tax charges,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Hinkson contends that it was error for the district court to keep certain exhibits out of the jury room and to exclude certain correspondence between Hinkson and the IRS. We reject these arguments and affirm the convictions.

1. A defendant may be convicted of structuring currency transactions to evade federal reporting requirements even if the transactions at issue were for payroll purposes. Under 31 U.S.C. § 5324(a), a defendant may not structure transactions "for the purpose of evading the reporting requirements of [31 U.S.C. § ] 5313(a)" or applicable regulations. By regulation, financial institutions must report all currency transactions involving more than $10,000, subject to certain exceptions. *See* 31 C.F.R. § 103.22(b)(1). One exception applies to transactions made by a qualified "payroll customer." *See id.* § 103.22(d)(2)(vii). If a financial institution files a designation form with the Treasury Department following a payroll customer's "first reportable transaction in currency," the institution need not report each successive transaction made by that customer. *See id.* § 103.22(d)(3)(i). In light of this designation requirement, even persons who would qualify as payroll customers have an incentive to structure their transactions so as to conceal their activities from the government. Had Hinkson made cash withdrawals in excess of $10,000, he would have come to the government's attention; by keeping his transactions under $10,000, he was able to avoid scrutiny.

Because persons who would qualify as payroll customers may be convicted of unlawfully structuring their currency transactions, it was not plain error for the district court to fail to give a payroll-related jury instruction; nor was it ineffective assistance for defense counsel to fail to request such an instruction.

2. The district court did not abuse its discretion by excluding from the jury room certain statutes and cases upon which Hinkson claimed to have relied in concluding that he did not have tax liability. The court properly allowed Hinkson to introduce these documents as exhibits and display them to the jury in an effort to show that he did not act willfully. *See Cheek v. United States,* 498 U.S. 192, 201–02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). However, it was reasonable for the court, pursuant to Federal Rule of Evidence 403, to conclude that placing those materials in the jury room would have been unduly confusing and distracting. Similarly, the district court did not abuse its discretion in excluding certain correspondence between Hinkson and the IRS in which Hinkson questioned the authority of IRS agents. The correspondence was no more than marginally relevant and likely would have unduly confused and distracted the jury.

AFFIRMED.